## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Wilson Brothers, Inc.

v.

Gerald R. Sullivan

By JUDGE JOHN A. JAMISON

January 14, 1987

The nature of this case has caused me concern and I have felt the need not only to give it careful study, but to research it in depth. Even though there may well be a strong moral obligation on the part of the defendant, this cannot be substituted for the necessary law and the evidence which, of course, must be the basis for the court's decision.

Unfortunately, from the viewpoint of the plaintiff, there then was a serious absence of legally admissible records in the bookkeeping department of Wilson Brothers, at which time the necessary bookkeeping procedures of the Company were not adhered to. It was during this period that the purchases made by the defendant, which he now denies, appear to have occurred. The court does feel that there was a course of dealing between the parties which, if not shown by actual testimony, tends to be shown by the invoices themselves. Only a few of these were signed, however, by the defendant's brother, and some initialed by the defendant. There is no proof of actual delivery of the goods to anyone at any specific site with respect to those invoices not initialed. To be sure, these deliveries do aggregate a substantial sum. Yet when the defendant Sullivan made a payment of

$17,000.00 he claims he did so under protest with the statement that he "would not pay anymore" until the plaintiff proved that he owed the amount claimed. There is no evidence that such "proof" was ever presented to the defendant nor to the court.

The case of *Gwinn v. Farrier*, 159 Va. 183 (1932), is authority for the principal that a promise to pay does not toll the running of the statute. Although it mentions the doctrine of estoppel, as applied to the statute of limitations, the important principal which must bind the court here is stated in *Gwinn*, as follows:

> Neither oral acknowledgement, new promise to pay, nor part payment of a debt, unless evidenced by writing, constituting acknowledgement of a debt, will toll the statute.

Although there seems to be an idea among many that such part-payment, or an oral promise is sufficient, since *Gwinn* this is no longer the law of Virginia, nor do any provisions of the Uniform Commercial Code indicate any subsequent change that would apply here. Notwithstanding the moral certainty of the plaintiff, there is no clearly admissible evidence that any of the claimed indebtedness beyond the $17,000.00 was incurred by the defendant Sullivan, and the statute of limitations simply expired before the filing of this suit.

Unfortunately, for the plaintiff, Mr. Dougherty, its controller, did not begin work until after the charges against the defendant had occurred. There must be proof by a preponderance of the evidence. The course of dealing here, even if accepted, without testimony sufficient to establish such preponderance in favor of the plaintiff is insufficient. The *Mouser* case mentioned below was far stronger on this point. The court must agree with the defendant that important evidence concerning these transactions was not produced, presumably because prior to Mr. Dougherty's employment, there were serious bookkeeping deficiencies within the plaintiff's business.

Even though the plaintiff may have delayed filing suit until after the statute had run, the missing ingredient here is lack of proof of the indebtedness claimed. This might have included testimony that a structure was built

at a given location by the defendant and it was seen by a certain witness that the materials had Wilson Brother's markings thereon or were delivered in its trucks and that such deliveries were accompanied by appropriate invoices, showing what was delivered, where and to whom. The course of dealing theory such as this court used in *Wilson Brothers, Inc. v. Mouser* ▮ is certainly valid in appropriate cases. This case lacks the detailed evidence that was produced in *Mouser.* The court is cognizant of the fact that the plaintiff feels strongly that these materials were in fact contracted for and delivered, but the court is required to have evidence on which to rely to sustain the plaintiff's contentions, and it is simply lacking.

One issue before the court is whether the statute began to run from the last purchase or from the last payment made by Sullivan. The *Gwinn* case clearly indicates that the statute of limitations begins to run from the time payment is due. In this case, such debt would be owed at the time of purchase and delivery all of which would have occurred prior to the three-year limitation period.

After giving close attention to statutes of limitation for longer periods, I can find none which would apply here. Though it is distasteful to dismiss an important suit on technical grounds, the court must find, in addition to lack of evidence mentioned here, that this motion for judgment was not filed within the appropriate time period and judgment for defendant will be entered.

January 21, 1987

In reply to [counsel's letter] of January 19, I do not feel that the defendant should be awarded his costs in the above case, which would include the court reporter's fee. My reasoning on this is that the plaintiff had cause to bring the action, although the evidence was insufficient to award it a judgment.

The claim not being frivolous or brought without cause, I believe that each party should bear its own costs.